UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: LOUIS A. GENCARELLI, SR.

| | | |
|---|---|---|
| UPS CAPITAL BUSINESS CREDIT, APPELLANT | : | |
| V. | : | C.A. NO.: 05-39/T |
| LOUIS A. GENCARELLI, SR., ET AL., APPELLEE | : | BK AP NO.: 04-10630<br>BK. AP NO.: 04-10682 |

**LOUIS A. GENCARELLI, SR.'S**
**MOTION TO ENLARGE BRIEFING SCHEDULE**

NOW COMES appellee Louis A Gencarelli, Sr. ("Gencarelli"), by and through counsel, hereby moves this Court for an order enlarging its previously entered March 29, 2005 briefing schedule in connection with the above-entitled purported notice of appeal filed by appellant UPS Capital Business Credit ("UPS") relative to the Bankruptcy Court's January 19th order and judgment in Gencarelli's bankruptcy proceeding.[1]

On March 29th, this Court entered a briefing scheduling in this matter in accordance with Rule 8009 of the Bankruptcy Rules of Procedure. Rule 8009(a) provides, in pertinent part, as follows:

> Unless the district court or the bankruptcy appellate panel by local or by order excuses the filing of briefs or specifies different time limits:
>
> (1) the appellate shall serve and file a brief within fifteen (15) days after entry of the appeal on the docket pursuant to Rule 8007.

[1] Notwithstanding that this Court has docketed the instant matter, Gencarelli does not concede that UPS' purported notice of appeal is proper, viable and/or timely. In fact, Gencarelli asserts that UPS notice of appeal was not timely filed, and, as such, the so-called appeal is fatally flawed and must be dismissed.

12

(2) the appellee shall serve and file a brief within fifteen (15) days after service of the brief of appellant, . . . .

(3) The appellant serve and file a reply brief within ten (10) days after service of the brief of appellee, . . . .

UPS' so-called notice of appeal was docketed in this Court on March 21, 2005. In accordance with Rule 8009 of the Bankruptcy Rules of Procedure and this Court's March 29th briefing order, UPS' brief in support of its purported appeal is due to be filed with the Court on or about April 5, 2005, with Gencarelli's brief in opposition thereto due on or about April 20th.

Notwithstanding the foregoing, UPS' notice of appeal, which was originally filed in the Bankruptcy Court, was filed untimely insofar as it was filed subsequent to the expiration of the applicable appeals period, to wit, the notice of appeal was filed more than ten (10) days after the order and judgment appealed from was entered. On January 19, 2005, the Bankruptcy Court entered its order and judgment in favor of Gencarelli, and against UPS, with respect to UPS' asserted Claims 37 and 38, respectively, after three (3) separate, full hearings thereon. Under Rule 8002 of the Bankruptcy Rules of Procedure, a notice of appeal *must* be filed "within ten (10) days from the date of entry of judgment, order, or decree appealed from." In the instant case, the ten (10) day appeal period began on January 20th, and concluded on January 31st. However, notwithstanding the rule-mandated appeals period, UPS failed to timely file its notice of appeal, and, instead, filed the same on February 1, 2005 – one day after the ten (10) appeals period had expired. Accordingly, UPS' appeal was untimely.

Recognizing, without prompting, that it had filed its notice of appeal out of time, on February 3, 2005, UPS moved the Bankruptcy Court, pursuant to Rule 8002(c)(2) of the Bankruptcy Rules of Procedure, to extend the time for the filing its notice of appeal. This motion for extension was served upon Gencarelli on or about that same date. As with virtually all motions filed and prosecuted in the Bankruptcy Court, a party has ten (10) days from the date

of service within which to advance any opposition to a motion or petition requesting relief, which meant that Gencarelli had up to, and including, February 13th within which to object or otherwise respond to UPS' motion for extension of time.[2]

On February 11, 2005, less than ten (10) days after the filing and certification of UPS' motion for extension of time, Gencarelli filed his objection thereto in the Bankruptcy Court. Notwithstanding, the Bankruptcy Court, on that same date and prior to the entry of Gencarelli's objection on the Bankruptcy Court's docket, granted UPS' motion.

Prior to Gencarelli having to move the Bankruptcy Court to vacate its order, the Bankruptcy Court realized its error in granting UPS' motion for extension prior to the expiration of the objection period, and quickly scheduled UPS' motion for extension of time for filing notice of appeal for a contested, evidentiary hearing.[3] Although the hearing on this matter was previously scheduled, the same has been continued several times, principally at UPS' request, and is now scheduled to be called before the Bankruptcy Court on April 27, 2005.

As such, Gencarelli requests that this Court enter an order modifying its March 29th briefing schedule, and, further, require that the briefing schedule provided for in Rule 8009 of the Bankruptcy Rules of Procedure not to come into effect until the Bankruptcy Court's disposition of UPS' pending motion for extension of time within which to file its notice of appeal, whether on April 27th or thereafter. Should the Bankruptcy Court deny UPS' request for an extension, the briefing schedule is then moot insofar as this Court must dismiss the appeal, as a jurisdictional matter, given the notice of appeal is untimely.

---

[2] Indeed, UPS' own motion to extend time for filing its notice of appeal acknowledged that Gencarelli had ten (10) days within which to object to its motion.

[3] Although the Bankruptcy Court indicated the hearing as a "motion to reconsider" its grant of UPS' motion, no party, including Gencarelli, filed a motion for reconsideration. The Bankruptcy Court has indicated that the hearing has been so captioned solely as a function of its docket entry system, and that the hearing is designed and intended to deal with UPS' pending motion for extension of time to file notice of appeal.

WHEREFORE, for the foregoing reasons, Gencarelli respectfully prays that this Court enter an order that its March 29, 2005 briefing schedule is modified such that the subject briefing schedule does not commence or become effective until such time as the Bankruptcy Court has passed upon, and issued a decision with respect to, UPS' pending motion for extension of time for filing notice of appeal, and, further, that this Court award to Gencarelli such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

Louis A. Gencarelli, Sr.

By his Attorneys,

Joseph P. Ferrucci (#4231)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: April 4, 2005

**CERTIFICATION**

I hereby certify that on this 4th day of April, 2005, I served a true copy of the within motion by first-class mail, postage prepaid to the parties set forth below:

**James R. Simmons, Esq.**
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903