UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: Louis A. Gencarelli, Sr.

UPS CAPITAL BUSINESS CREDIT, :
APPELLANTS:

VS : CA05-39T
Bk. AP No. 04-10630
LOUIS A. GENCARELLI, SR., : Bk. AP No. 04-10682
ET AL, :
APPELLEE :

**APPELLANT, UPS CAPITAL BUSINESS CREDIT'S, OBJECTION TO APPELLEE'S MOTION TO ENLARGE BRIEFING SCHEDULE**

Now comes appellant, UPS Capital Business Credit ("UPS"), by and through counsel and hereby notifies this Court of its objection to appellee, Louis A. Gencarelli, Sr.'s ("Gencarelli"), motion for an order enlarging time indefinitely, contingent on a motion to reconsider pending before the Bankruptcy Court.

The current order of the Court requires the appellant's brief under Rule 8009 of the Bankruptcy Court Rules of Procedure to be submitted by April 15, 2005. Rule 8009(a) provides in pertinent part "unless the District Court or the Bankruptcy Appellate Panel by local or by order excuses the filing of briefs or specified different time limits… 2) the appellee shall serve and file a brief within fifteen (15) days after service of the brief of the appellant." While UPS would not object to a reasonable

13

extension of time to allow the appellee, Gencarelli, to file a responsive brief, it must object to the indefinite period of time requested or to rely on its request that the submission of its brief be contingent upon an order of the Bankruptcy Court.

UPS does not dispute the appellee, Gencarelli's, motion to reconsider is currently pending before the Bankruptcy Court. However, this appeal has been docketed with this Court and the jurisdiction of the District Court is appropriate under Rule 53(e)(2)(a)(i). It is undisputed that the Bankruptcy Court granted appellant, UPS', motion to extend time to file its notice of appeal on February 11, 2005, that the appeal has been filed, and that the matter has been properly transmitted from Bankruptcy Court to the United States District Court for the District of Rhode Island. Appellee, Gencarelli's, assertion that the jurisdiction of this Court is contingent upon the motion to reconsider in the Bankruptcy Court is inappropriate. Appellee, Gencarelli, may present its arguments regarding the timeliness of appeal directly to the District Court for its review.

In addition, the local rules of the U.S. District Court, Rule 31(a), entitled "Notice of Pendency of Other Actions or Proceedings", provides for the proper procedure where a proceeding has been removed to the District Court

involves a claim which compromises all of the material part of the subject matter of an action or proceeding pending before another court. While notice to the District Court is required, the pendency of other proceedings does not stay or otherwise affect the jurisdiction of the District Court.

WHEREFORE, appellant, UPS, respectfully requests that the Court note this objection, properly assert its jurisdiction in the matter, and maintain a briefing schedule in conformance with Rule 8009 of the Bankruptcy Rules of Procedure.

Respectfully Submitted,
Appellant, UPS Capital Business Credit,
By Its Attorney,

Thomas J. Cronin (#5302)
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 521-6900
Fax #: (401) 521-6901
Direct Dial #: (401) 521-7977

**CERTIFICATION**

I hereby certify that I mailed a copy of the within to Joseph P. Ferrucci, Esq./Christopher M. Mulhearn, Esq., Ferrucci Russo P.C., 55 Pine Street, 4th Floor, Providence, RI 02903-2841 and Edward L. Pontocaloni, Esq./Barbara A. Frederick, Esq., Updike, Kelly & Spellacy, P.C., One State Street, Hartford, CT 06123-1277, on this 8th day of April, 2005.

Joanna G. Fernald