UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: BESS EATON DONUT FLOUR COMPANY, Debtor | : | Bk. No.: 04-10630 Chapter 11 |
| IN RE: LOUIS A. GENCARELLI, SR., Debtor | : | Bk. No.: 04-10682 Chapter 11 |
| UPS CAPITAL BUSINESS CREDIT, Appellant vs. LOUIS A. GENCARELLI, SR., et al., Appellee | : | C.A. No.: 05-39/T |

**LOUIS A. GENCARELLI, SR.'S MOTION TO FURTHER ENLARGE BRIEFING SCHEDULE, OR, IN THE ALTERNATIVE, MOTION TO STAY FILING OF APPELLEE'S BRIEF**

NOW COMES appellee Louis A Gencarelli, Sr. ("Gencarelli"), by and through counsel, and hereby moves this Court for an order enlarging its previously established briefing schedule, dated April 20, 2005[1], in connection with the above-entitled notice of appeal filed by appellant

[1] At present, Gencarelli's brief in opposition to UPS' appeal is due on or before May 12th.

16

UPS Capital Business Credit ("UPS") relative to the Bankruptcy Court's January 19th order and judgment in Gencarelli's bankruptcy proceeding.[2]

Initially, on March 29, 2005, this Court entered a briefing scheduling in the instant matter in accordance with Rule 8009 of the Bankruptcy Rules of Procedure. Rule 8009(a) provides, in pertinent part, as follows:

> Unless the district court or the bankruptcy appellate panel by local or by order excuses the filing of briefs or specifies different time limits:
>
> (1) the appellant shall serve and file a brief within fifteen (15) days after entry of the appeal on the docket pursuant to Rule 8007 . . . .
>
> (2) the appellee shall serve and file a brief within fifteen (15) days after service of the brief of appellant, . . . .
>
> (3) The appellant serve and file a reply brief within ten (10) days after service of the brief of appellee, . . . .

UPS' notice of appeal was docketed in this Court on March 21, 2005. In accordance with Rule 8009 of the Bankruptcy Rules of Procedure and this Court's March 29th briefing order, UPS' brief in support of its appeal was due to be filed with the Court on or about April 5, 2005, with Gencarelli's brief in opposition thereto due on or about April 20th. UPS moved this Court to enlarge the time within which to file its brief in support of its appeal, which was allowed. Subsequently, UPS filed its brief in support of its appeal.

At or about the same, and prior to the date on which Gencarelli was to file his brief in opposition to UPS' appeal, Gencarelli moved this Court for an order enlarging the briefing schedule until such time as the Bankruptcy Court considered, and determined, UPS' pending

---

[2] Notwithstanding that this Court has docketed the instant matter, Gencarelli does not concede that UPS' purported notice of appeal is proper, viable and/or timely. In fact, Gencarelli asserts that the UPS notice of appeal was not timely filed, and, as such, the so-called appeal is fatally flawed and must be dismissed.

motion for extension of time to file its notice of appeal, which was scheduled to be called for hearing on April 27th.

Gencarelli has maintained that UPS' notice of appeal, which was originally filed in the Bankruptcy Court, was filed untimely insofar as it was filed subsequent to the expiration of the applicable appeals period, *to wit*, the notice of appeal was filed more than ten (10) days after the order and judgment appealed from was entered[3].

Recognizing, without prompting, that it had filed its notice of appeal out of time, on February 3, 2005, UPS moved the Bankruptcy Court, pursuant to Rule 8002(c)(2) of the Bankruptcy Rules of Procedure, to extend the time for the filing its notice of appeal. This motion for extension was served upon Gencarelli on or about that same date. Gencarelli had ten (10) days from the date of service within which to advance any opposition to a motion or petition requesting relief, which meant that Gencarelli had up to, and including, February 13th within which to object or otherwise respond to UPS' motion for extension of time.[4]

On February 11, 2005, less than ten (10) days after the filing and certification of UPS' motion for extension of time, Gencarelli filed his objection thereto in the Bankruptcy Court. On that same date, inadvertently, the Bankruptcy Court, prior to the entry of Gencarelli's objection on the Bankruptcy Court's docket, granted UPS' motion.

---

[3] On January 19, 2005, the Bankruptcy Court entered its order and judgment in favor of Gencarelli, and against UPS, with respect to UPS' asserted Claims 37 and 38, respectively, after three (3) separate, full hearings thereon. Under Rule 8002 of the Bankruptcy Rules of Procedure, a notice of appeal *must* be filed "within ten (10) days from the date of entry of judgment, order, or decree appealed from." In the instant case, the ten (10) day appeal period began on January 20th, and concluded on January 31st. However, notwithstanding the rule-mandated appeals period, UPS failed to timely file its notice of appeal, and, instead, filed the same on February 1, 2005 - one day after the ten (10) appeals period had expired. Accordingly, UPS' appeal was untimely.

[4] Indeed, UPS' own motion to extend time for filing its notice of appeal acknowledged that Gencarelli had ten (10) days within which to object to its motion.

Prior to Gencarelli having to move the Bankruptcy Court to vacate its order, the Bankruptcy Court realized its inadvertence in granting UPS' motion for extension prior to the expiration of the objection period, and quickly scheduled UPS' motion for extension of time for filing notice of appeal for a contested, evidentiary hearing.[5] Although the hearing on this matter was previously scheduled, the same had been continued several times, principally at UPS' request, and was ultimately scheduled to be called before the Bankruptcy Court on April 27, 2005.

On April 27th, after hearing, the Bankruptcy Court made two (2) primary findings: (1) because the instant appeal had been docketed in this Court the Bankruptcy Court lacked the requisite jurisdiction to pass upon UPS' motion for an extension at this juncture; and (2) in the alternative, assuming the Bankruptcy Court had jurisdiction to determine UPS' request, the motion for extension of time to file the notice of appeal is granted. The Bankruptcy Court has yet to enter a final order memorializing its decision.

Gencarelli plans to appeal the Bankruptcy Court's April 27th determinations insofar as Gencarelli believes that the Bankruptcy Court abused its discretion and committed plain errors of law in deciding the issues presented on that date. However, until such time as the Bankruptcy Court enters a final order, the applicable appeals period has yet to commence and, as such, no appeal can yet be taken.

Given that the issues addressed to, and decided by, the Bankruptcy Court on April 27th are necessary predicates to sustain UPS' appeal in the instant proceeding, those matters must be determined first by appellate review in advance of this matter being summarily decided. In other

[5] Although the Bankruptcy Court indicated the hearing as a "motion to reconsider" its grant of UPS' motion, no party, including Gencarelli, filed a motion for reconsideration. The Bankruptcy Court had indicated that the hearing had been so captioned solely as a function of its docket entry system, and that the hearing was designated to determine UPS' pending motion for extension of time to file notice of appeal.

words, should Gencarelli prevail in his appeal of the Bankruptcy Court's recent decisions, the instant appeal is mooted, and the same would be in order for dismissal.

Accordingly, Gencarelli respectfully prays that this Court vacate its April 19th scheduling order, and further enlarge the existing briefing schedule in order to allow Gencarelli an opportunity to file his appeal to the Bankruptcy Court's April 27th decision, and have that matter determined by this Court. Specifically, Gencarelli requests that this Court enter an order modifying the briefing schedule established at the April 19th conference in this matter, and, further, that the Court establish a new briefing schedule upon the Court's disposition of Gencarelli's to be filed appeal (once a final order enters in the Bankruptcy Court) relative to the Bankruptcy Court's April 27th decisions.

In the alternative, Gencarelli requests that this Court enter an order staying the instant appeal until Gencarelli's appeal from the Bankruptcy Court's April 27th decision is noticed, briefed and decided by this Court.

Gencarelli respectfully submits that in the event that this Court were to grant either, or both, of Gencarelli's requests as set forth herein, no prejudice would inure to UPS. Even more, the interests of judicial efficiency and economy, as well as progression of an orderly, rather than piecemeal appellate process, heavily favor the granting of Gencarelli's within requests.

WHEREFORE, for the foregoing reasons, Gencarelli respectfully prays that this Court enter an order vacating its April 20th scheduling order, and further enlarge the existing briefing schedule in order to allow Gencarelli an opportunity to file his appeal to the Bankruptcy Court's April 27th decision, and have that matter determined by this Court. In the alternative, Gencarelli

prays that this Court enter an order staying the instant appeal until Gencarelli's appeal from the Bankruptcy Court's April 27th decisions may be noticed, briefed and decided by this Court.

Respectfully submitted,

Louis A. Gencarelli, Sr.

By his Attorneys,

Joseph P. Ferrucci (#4231)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: May 11, 2005

## CERTIFICATION

I hereby certify that on this 11th day of May, 2005, I served a true copy of the within motion by first-class mail, postage prepaid to the parties set forth below:

**James R. Simmons, Esq.**
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903

**Edward G. Pontacoloni, Esq.**
Updike, Kelly & Spellacy, P.C.
One State Street, 24th Floor
Hartford Steam Boiler Building
Hartford, CT 06103

**Thomas J. Cronin, Esq.**
Gunning & LaFazia
56 Pine Street, 7th Floor
Providence, RI 02903

**Allan M. Shine, Esq.**
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

[signature]