**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**In re:**

**Louis A. Gencarelli, Sr.** :

| | | |
|---|---|---|
| **UPS CAPITAL BUSINESS CREDIT,** | : | |
| | : | |
| **Appellant** | : | |
| | : | **C.A. No. 05-39/T** |
| **vs** | : | **Bk. No. 04-10630** |
| | : | **Bk. No. 04-10682** |
| **LOUIS A. GENCARELLI, SR., et al,** | : | |
| | : | |
| **Appellee** | : | |

**On Appeal from the United States Bankruptcy Court for the District of Rhode Island**

**REPLY BRIEF OF APPELLANT UPS CAPITAL BUSINESS CREDIT**

Edward J. Pontacoloni, Esq.
Barbara A. Frederick, Esq.
Admitted *Pro Hac Vice*)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone #: (860) 548-2600
Fax #: (860) 548-2680

Thomas J. Cronin, Esq. (#5302)
Gunning & LaFazia, Inc.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 521-6900
Fax #: (401) 521-6901
Direct Dial #: (401) 521-7977

James R. Simmons, Esq.
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 272-5800
Fax #: (401) 272-5858

# Table of Contents

Table of Authorities ........................................ i

Argument ........................................ 1

# Table of Authorities

## Cases

Honey Dew Assocs., Inc. v. M & K Food Corp., 241 F.3d 23 (1st Cir. 2001) .............................. 2

## Federal Statutes

11 U.S.C. §506(b) .............................................................................................................. 1

## Other Authorities

Restatement (Second) of Contracts §356 cmt. b ................................................................ 2

## Argument

The Appellant, UPS Capital Business Credit ("UPS"), replies to the Brief of Appellee Louis A. Gencarelli, Sr. in order to rebut arguments based upon a misstatement of the procedural history of the case. The necessity of this rebuttal further supports the Appellant's primary claim on appeal that the absence of a well defined "single federal standard" governing the allowance of the UPS prepayment charges under Bankruptcy Code Section 506(b)[1] presaged the errors below.

The Appellee asserts, without citation to the record, that after the Bankruptcy Court determined the applicability of a single federal standard of reasonableness under Bankruptcy Code §506(b), "...UPS requested 'another chance' to present and introduce evidence..." for the purpose of establishing the reasonableness of the prepayment charges. See Appellee's Br. at 1. The transcript more accurately reflects what transpired at the hearing on October 7, 2004. The issue presented to the Court that day was a "narrow one:"[2] whether Bankruptcy Code Section 506(b) applied to the UPS prepayment charges. Prior to the Bankruptcy Court's ultimate determination of this narrow, legal issue, for which no evidence was required, the following colloquy took place:

> THE COURT: What do you say Mr. Simmons about the [sic] maybe the need for evidence on the question of reasonableness and I assume that's your burden initially anyhow?
>
> MR. SIMMONS: Your Honor, I – if the Court felt it important, I would be glad to request the opportunity to make that presentation. What I can tell you is that many of the damages that are incurred by this bank are difficult to calculate on a case by case basis. There are --.
>
> THE COURT: Well, that's what we have to do.

---

[1] 11 U.S.C. §506(b), Appendix to Brief of Appellant UPS Capital Business Credit ("UPS App.") at A150.
[2] Tr. 10/7 at 3, Appendix to Brief of Appellee Louis A. Gencarelli, Sr. ("Gencarelli App.") at Tab 1.

Tr. 10/7 at 19, Gencarelli App. at Tab 1.

The Court thereafter took the matter "under advisement" directing that, depending upon what approach the Court adopted, the parties would be notified "...and have a sit down about what kind of testimony would be most helpful on the reasonableness issue..." Id. at 21, Gencarelli App. at Tab 1. The evidentiary hearings of December 15 and December 22 2004 then followed at the Court's direction.

The Appellant's Brief amply details and explains the nature and substance of the evidentiary proceedings of December 15 and 22, 2004. If there was, after all of the evidence presented, some evidentiary insufficiency, it was not, as repeatedly asserted by the Appellee, due to a failure on the part of UPS; it was due to the failure on the part of the Court to establish and apply to the case a proper standard of reasonableness.

This failure on the part of the Court began at the hearing on October 7, when the Court erroneously determined that UPS bore the burden of proof on the issue of the reasonableness of the prepayment charges as a liquidated damages clause; contra Honey Dew Assocs., Inc. v. M & K Food Corp., 241 F.3d 23, 27-28 (1st Cir. 2001); it continued as the Court disregarded the weight to be assigned to the difficulty of proving actual damages under any formulation of the appropriate reasonableness standard. Compare, e.g., Restatement (Second) of Contracts, § 356 cmt. b;[3] and it concluded with the Court's failure to, as noted in the Appellee's Brief, "...look to the provisions of the whole law, and to its object and policy (citations omitted)." See Appellee's Br. at 8.

As more fully developed in the Appellant's Brief, the Bankruptcy Court failed to look to the whole formulation of the Restatement (Second) of Contracts reasonableness standard for determining the enforceability of liquidated damages clauses. The Court

[3] See UPS App. at A168.

failed to look to the commercial object of such clauses. The Court failed to look to the judicial policies favoring such clauses. In these ways the Court erred. We respectfully submit that the Appellee's Brief offers no justification for the Court's erroneous decision but such as is premised upon the Appellee's own erroneous statements of the facts and the law. We pray that the decision below be reversed and that judgment be directed in favor of UPS Capital Business Credit accordingly.

Respectfully submitted,

APPELLANT
UPS CAPITAL BUSINESS CREDIT

By: Edward Pontacoloni
Edward J. Pontacoloni, Esq.
Barbara A. Frederick, Esq.
(Admitted *Pro Hac Vice*)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone #: (860) 548-2600
Fax #: (860) 548-2680

By:____________________
Thomas J. Cronin, Esq. (#5302)
Gunning & LaFazia, Inc.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 521-6900
Fax #: (401) 521-6901
Direct Dial #: (401) 521-7977

By:____________________
James R. Simmons, Esq.
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 272-5800
Fax #: (401) 272-5858

Respectfully submitted,

APPELLANT
UPS CAPITAL BUSINESS CREDIT

By:____________________________

Edward J. Pontacoloni, Esq.
Barbara A. Frederick, Esq.
(Admitted *Pro Hac Vice*)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone #: (860) 548-2600
Fax #: (860) 548-2680

By:____________________________

Thomas J. Cronin, Esq. (#5302)
Gunning & LaFazia, Inc.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 521-6900
Fax #: (401) 521-6901
Direct Dial #: (401) 521-7977

By:____________________________

James R. Simmons, Esq.
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 272-5800
Fax #: (401) 272-5858

**Certification**

THIS IS TO CERTIFY that a copy of the foregoing has been mailed via first class United States mail on this 8th day of June 2005, postage prepaid, to the following counsel and pro se parties of record:

Joseph P. Ferrucci, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903-2841

Jeanne Rauette